Enrique SIMMONS, Appellant,

v.

FEDERAL BUREAU OF PRISONS;
Jonathan C. Miner, Warden
F.C.I. Fairton.

No. 05–1111.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit L.A.R.
27.4 and I.O.P. 10.6 March 24,
2005.

Decided April 21, 2005.

Enrique Simmons, Fairton, NJ, pro se.

Before SLOVITER, NYGAARD and
FUENTES, Circuit Judges.

OPINION

PER CURIAM.

Enrique Simmons appeals from the District Court's order denying his habeas corpus petition filed under 28 U.S.C. § 2241. Simmons challenges the calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP"). Because we conclude that the District Court's order is correct in light of our recent opinion in *O'Donald v. Johns,* 402 F.3d 172 (3d Cir.2005), we will summarily affirm. Simmons' motion for appointment of counsel on appeal is denied.

Simmons is currently incarcerated at the Federal Correctional Institution in Fairton, New Jersey, serving a sentence of 322 months for conspiracy to distribute and possession with intent to distribute over fifty grams of cocaine. Simmons has been in custody since May 17, 1990. Simmons is scheduled for release on April 4, 2013. The BOP calculated the date pursuant to its reading of 18 U.S.C. § 3624(b). After exhausting administrative remedies, Simmons filed a petition pursuant to 28 U.S.C. § 2241 on November 23, 2004, claiming specifically that the BOP misinterprets § 3624(b), depriving him of 390 days of GCT. He claims that he is entitled by statute to receive 54 days of GCT for each year of his imposed sentence, rather than the BOP's interpretation that he receives credit only for time actually served. By order entered December 16, 2004, the District Court held that § 3624(b) is not ambiguous, and the BOP's interpretation is correct. Simmons presents no other claims. Simmons then filed this appeal.[1]

---

1. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary

We recently decided this precise issue. In *O'Donald*, we held that although § 3624(b) is ambiguous, the BOP's interpretation is reasonable. *Id.* at 174. Here, the District Court incorrectly concluded that § 3624(b) is unambiguous. However, as we stated in *O'Donald*, under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), we defer to the BOP's interpretation. *O'Donald*, at 174. Thus, Simmons' claim must fail.

In short, because of our recent opinion in *O'Donald v. Johns*, the District Court properly rejected Simmons' challenge to the BOP's calculation of his GCT. Accordingly, we will affirm the District Court's order denying his habeas corpus petition. Simmons' request for appointment of counsel on appeal is denied.

review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. *See Ruggiano v. Reish,* 307 F.3d 121, 126 (3d Cir.2002).